(89 South. 103)

## WASHINGTON v. STATE.   (4 Div. 644.)

(Court of Appeals of Alabama.   Feb. 15, 1921.
Rehearing Denied April 5, 1921.)

**1. Homicide** ☞**125—Taking life by misadventure when excusable.**

The taking of human life by misfortune or misadventure, while in the performance of a lawful act exercising due care and without harmful intent, is excusable, but all of such facts must concur, and the absence of any one of them will involve guilt, and a wife killing her husband while engaged in the unlawful act of snatching a gun from him was guilty of homicide.

**2. Homicide** ☞**304—Instruction as to accidental death held properly refused.**

In a prosecution for murder of husband, where defendant claimed that husband had a gun, and she grabbed the stock which he was

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

holding under his arm, and as she pulled it back the gun fired, killing him, court did not err in refusing to charge, "If you believe from the evidence in this case that the man W. (the husband) was killed as the result of an accident then the defendant would not be guilty as charged."

**3. Criminal law ⟨⟩338(6) — Evidence as to debt owed witness by deceased inadmissible.**

In a prosecution for murder of husband, it was not error for the court to sustain the state's objection to the testimony of defendant's witness to the effect that deceased owed such witness considerable money, such testimony having no bearing on the issues involved.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Annie Washington was convicted of manslaughter, and she appeals. Affirmed.

The party killed was the husband of the defendant, and the explanation of the difficulty was that the husband had a gun, and she grabbed the stock which he was holding under his arm, and as she pulled it back the gun fired, killing him.

McDowell & McDowell, of Eufaula, for appellant.

Counsel discuss the evidence and the refused charges, but without citation of authority.

J. Q. Smith, Atty. Gen., for the State.

No brief came to the Reporter.

SAMFORD, J. [1] The defendant on the trial requested this charge in writing:

"If you believe from the evidence in this case that the man Washington was killed as the result of an accident, then the defendant would not be guilty as charged."

The taking of human life by misfortune or misadventure, while in the performance of a lawful act, exercising due care, and without harmful intent, is excusable; but all of such facts must concur, and the absence of any one of them will involve guilt. Tidwell v. State, 70 Ala. 33.

[2, 3] According to defendant's own testimony, she was engaged in the unlawful act of snatching a gun from the deceased, and even under her claim, death resulted from her unlawful act. The charge under the facts in this case was properly refused. It was not error for the court to sustain the state's objection to the testimony of defendant's witness Smith, that deceased owed Smith considerable money, etc. This testimony could have no bearing on the issues involved.

We find no error in the record, and the judgment is affirmed.

Affirmed.